**SO ORDERED**

**Date signed May 21, 2004**



```
_____
       DUNCAN W. KEIR
    U. S. BANKRUPTCY JUDGE
```

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Greenbelt

| | | | |
|---|---|---|---|
| **In Re:** | * | | |
| **Michael E. Grimm,** | * | Case No. | 04-21203 PM |
| | * | Chapter | 13 |
| | * | | |
| | * | | |
| **Debtor.** | * | | |

**INTERIM ORDER ON
DEBTOR'S EMERGENCY MOTION RESPECTIVE
TO AUTOMATIC STAY AND CIRCUIT COURT PROCEEDING**

This matter came before the Court on "Debtor's Emergency Motion Respective to Automatic Stay and Circuit Court Proceeding" and Creditor Denise Grimm's response thereto. An emergency hearing was held on May 21, 2004.

It is alleged that Creditor Denise Grimm filed a petition for contempt against Debtor in the matter of <u>Grimm v. Grimm</u> in the Circuit Court for Charles County, Maryland, on March 3, 2004.  The petition related to Debtor's alleged failure to freeze certain assets as ordered by the Circuit Court.  A second petition for contempt was filed by Creditor Grimm on May 5, 2004, on an emergency basis, alleging that Debtor has failed to pay certain obligations (including child support and mortgage payments) since a judgment of divorce had been entered in April 2004. The Circuit Court entered a Show Cause Order on May 5, 2004 directing Debtor to appear at a hearing on May 17, 2004 at 9:30 a.m. and to show cause, if any be had, by May 12, 2004 as to why the Circuit Court should not enter contempt orders for Debtor's failure to pay certain monetary obligations and failure to notify the Circuit Court of new employment and for an order

incarcerating Debtor until the delinquent obligations are purged.  Despite having notice of the bankruptcy filing[1], the Circuit Court conducted a hearing on May 17, 2004.  Debtor did not appear.  Circuit Court Judge Robert C. Nalley entered an order issuing a body attachment of Debtor, who was apparently arrested on the evening of May 18, 2004.  Creditor Grimm asserts, by counsel, that Judge Nalley's order stated that Debtor could purge the contempt by payment of $47,223.00.

Section 11 U.S.C. § 362(a) provides that upon the filing of the bankruptcy petition, all entities are stayed from commencing or continuing to use judicial process to recover a claim against the debtor that arose before the bankruptcy case was commenced.[2]  In addition, all entities are stayed from attempting to collect any pre-petition claim from the debtor's property or from property of the debtor's bankruptcy estate.

However, §§ 362(b)(2)(A)(ii) and 362(b)(2)(B) of the United States Bankruptcy Code allow an entity to establish or modify an order for alimony, maintenance or child support and to collect it from property that is not property of the bankruptcy estate.  No such permission is automatically provided for collection of a pre-petition property or marital award that is not truly alimony, maintenance or child support.  In addition, 11 U.S.C. § 362(b)(4) excepts from the automatic stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.  Such enforcement includes the enforcement of judgments, other than money judgments, obtained to enforce said police or regulatory powers.  11 U.S.C. § 362(b)(4).

Bankruptcy estate property consists of all of the debtor's interests in property (real, personal, tangible and intangible) existing as of the date of the petition, including any interest in marital property or other property held jointly with another person.  11 U.S.C. § 541(a).  It does not include spendthrift trusts, including ERISA-qualified pension plan benefits.  11 U.S.C. §

---

[1] The Circuit Court was placed on notice by the Guardian Ad Litem Cecilia Keller that Debtor had filed a bankruptcy petition.  Debtor's counsel alleges that he transmitted to the Circuit Court a Suggestion of Bankruptcy on May 5, 2004 by U.S. mail.  Counsel for Creditor Denise Grimm asserts that at the time of the May 17th hearing, no Suggestion of Bankruptcy had been filed.

[2] "Entities" include all governmental units.  11 U.S.C. § 101(15).

541(c)(2). In addition, in a chapter 13 case, such as this case commenced on May 5, 2004, the bankruptcy estate also includes all property defined by 11 U.S.C. § 541(a) that is acquired by the debtor after commencement of the bankruptcy case and all earnings of the debtor after the bankruptcy case is commenced.

Absent an order from the bankruptcy court granting relief from the automatic stay, a creditor cannot forcibly extract assets from the broadly defined estate property, including use of state court contempt powers. In re Kearns, 161 B.R. 701 (D. Kan. 1993), *op. modified on recons.,* 168 B.R. 423 (D. Kan. 1994). If there is a source of repayment controllable by the debtor that is not within the broad bankruptcy estate, alimony, maintenance or support may be collected by judicial process from such assets. No evidence of such a source has been presented to this Court. Any act to collect pre-petition debts arising from the divorce case, except to collect alimony, maintenance or support from non-bankruptcy estate property (if any), is violative of the automatic stay and is void.[3] In re Lampkin, 116 B.R. 450, 453 (Bankr. D. Md. 1990).

As to alimony, maintenance and support debt that becomes due after the bankruptcy petition date, 11 U.S.C. § 362(a)(4) appears to also stay collection from bankruptcy estate property. However, such a postpetition debt does not constitute an allowable claim. 11 U.S.C. § 502(b)(5). Therefore, Congress has not indicated that such postpetition alimony, maintenance or child support may be subjected to plan treatment. There is a strong policy supporting requiring payment of postpetition valid alimony, maintenance and support obligations. In re Dorf, 219 B.R. 498, 501 (Bankr. N.D. Ill. 1998).

As previously stated, 11 U.S.C. § 362(b)(4) excepts from the scope of the automatic stay a governmental unit's enforcement of a judgment, other than a money judgment, to enforce its police powers. Based on the record before this Court, it cannot be determined what motivated Judge Nalley to issue the order of arrest of Debtor. If the arrest order was issued because Debtor failed to obey a prior order, the arrest order is not automatically stayed as to an enforcement

---

[3] The pre-petition outstanding alimony, maintenance or child support obligation is an allowed claim (11 U.S.C. § 502(b)(5)) entitled to priority (11 U.S.C. § 507(a)(7)) and, therefore, a chapter 13 plan is required to provide for its payment in full, unless the holder of the claim agrees to lesser treatment. 11 U.S.C. § 1322(a)(2).

proceeding.  However, if the impetus of Judge Nalley's arrest order was to enforce collection of the divorce judgment – a monetary judgment – the arrest order would not be excepted from the automatic stay.  See generally In re Berg, 198 B.R. 557 (9th Cir. BAP 1996), *aff'd*, 230 F.3d 1165 (9th Cir. 2000); In re Cuevas, 205 B.R. 457 (Bankr. D.N.J. 1997); Fed. Trade Comm'n v. First Alliance Mortgage Co., 264 B.R. 634 (C.D. Cal. 2001).

Accordingly, it is by the United State Bankruptcy Court for the District of Maryland,

ORDERED that until and unless this Court grants further relief from the automatic stay upon a subsequent motion by a creditor, any act to collect alimony, maintenance or support due before the bankruptcy petition was filed is stayed except as to acts to collect such pre-petition debt from property that is not property of the bankruptcy estate; it is further

ORDERED that the automatic stay imposed by 11 U.S.C. § 362(a) is hereby modified to allow all acts to collect alimony, maintenance or support due by the debtor after the petition date; and it is further

ORDERED that any act to collect or require the debtor to pay, any debt arising from the marital dissolution, other than alimony, maintenance or support, is stayed and must immediately cease; and it further

ORDERED that a final hearing on this matter will be held on **June 3, 2004** at **10:30 a.m.** at the United States Bankruptcy Court for the District of Maryland, Greenbelt Division, 6500 Cherrywood Lane, Greenbelt, Maryland, Courtroom 3-D.

cc:   John D. Burns, Esq. - counsel for Debtor
      Michael E. Grimm - Debtor
      Timothy P. Branigan - Chapter 13 Trustee
      United States Trustee

**End of Order**